The Honorable Jeff Wood State Representative 4097 Austin Lakes Circle Sherwood, AR 72120-8019
Dear Representative Wood:
You have presented the following questions for my opinion:
 (1) Under A.C.A. § 25-1-102(b), what is meant by "The policy shall take into consideration the rights of both nonsmokers and smokers."?
 (2) Under A.C.A. § 25-1-102(b), what rights of nonsmokers are recognized?
(3) Under A.C.A. § 25-1-102(b), what rights of smokers are recognized?
 (4) Under A.C.A. § 25-1-102, could a state university or state agency implement a campus wide non-smoking policy that prohibited smoking anywhere on the campus?
RESPONSE
Because all of your questions involve the provisions of A.C.A. §25-1-102, I will begin by setting forth the full text of that statute. It states:
(a) As used in this section, unless the context otherwise requires:
 (1) "General office space" means space occupied by personnel performing their daily work functions;
 (2) "Smoking" means a lighted cigar, cigarette, pipe, or any other ignited tobacco product; and
 (3) "State agency" means any department, agency, board, commission, office, or other authority of the state.
 (b) The chief administrative officer of each state agency shall promulgate a smoking policy for the general office space of the state agency. The policy shall take into consideration the rights of both nonsmokers and smokers.
A.C.A. § 25-1-102.
Question 1 — Under A.C.A. § 25-1-102(b), what is meant by "The policyshall take into consideration the rights of both nonsmokers andsmokers."?
I am unable to answer this question. It is unclear exactly what this phrase means, as used in A.C.A. § 25-1-102. Moreover, the Arkansas courts have not had occasion to interpret this statutory language. It is possible that a court considering the matter could determine that the phrase in question can only be interpreted on a case-by-case basis taking into consideration all of the facts and circumstances of each individual agency.[1] Further guidance in this matter is needed either from the legislature, or through judicial interpretation of the statute. Accord,
Op. Att'y Gen. No. 87-219. Until such guidance is forthcoming, the agencies can at the very least be guided by the principle that their interpretations of this statute will be upheld unless clearly wrong.E.g., Cave City Nursing Home, Inc. v. Arkansas DHS, 351 Ark. 13,89 S.W.3d 884 (2002).
Question 2 — Under A.C.A. § 25-1-102(b), what rights of nonsmokers arerecognized?
Again, I am unable to answer this question. The statute simply does not make clear what "rights" it is referring to in Section (b). As indicated in response to Question 1, this is a matter that may have to be determined on a case-by-case basis, taking into consideration all the facts and circumstances about the agency in question. Accord, Op. Att'y Gen. No. 87-219. Pending legislative or judicial clarification of this matter, the various agencies must use their best judgment in interpreting the statute. As previously stated, their decisions will be upheld unless clearly wrong. Cave City Nursing Home, supra.
Question 3 — Under A.C.A. § 25-1-102(b), what rights of smokers arerecognized?
See response to Question 2.
Question 4 — Under A.C.A. § 25-1-102, could a state university or stateagency implement a campus wide non-smoking policy that prohibited smokinganywhere on the campus?
The language of A.C.A. § 25-1-102 does not provide sufficient guidance for me to answer this question. It is plausible, however, that a court considering such a policy could find, given the right facts and circumstances about the university or agency in question, that the policy was defensible. I cannot, however, state as a matter of law whether such a policy will be upheld. Accord, Op. Att'y Gen. No. 87-219.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It should be noted that smoking is strictly prohibited in certain medical settings and in public schools. See A.C.A. § 20-27-703 and A.C.A. § 6-21-609.